## KELLEY et al. v. CASEY.

### No. 2696.

Court of Civil Appeals of Texas. Beaumont.
Feb. 28, 1935.

Crawford & Crawford, of Conroe, for appellants.

McComb, Marsh & Grogan, of Conroe, for appellee.

WALKER, Chief Justice.

This was an action in trespass to try title in Montgomery county by appellee, L. A. Casey, against appellants, Mr. and Mrs. W. E. Kelley, Miss Fannie Sorters, Clarence Sorters, John Sallas, Wesley Sallas, and Mrs. Mae Wisdom, to recover the title and possession of 25 acres of land in Montgomery county, except 3 acres out of the northeast corner of the 25 acres described in appellee's petition as follows: "Three acres of land beginning at the North East corner of a tract owned by J. A. Guinn on the Houston East and West Texas Railroad at Porter, in Montgomery County, Texas, corner in a pond; Thence in a southern direction to corner of L. A. Casey's tract on Highway No. 35; Thence in a Westwardly direction 406 feet to corner on L. A. Casey's fence; Thence in a northward direction to iron stake for corner on the North line of J. A. Guinn tract a distance of 190 feet; Thence in an eastward direction 434 to the place of beginning."

Appellants disclaimed all land sued for except the following described tract of land:

"Three and one-half (3½) acres of land out of twenty-five (25) acres in the William Beardslee 320-acre survey, abstract #105, which is described as follows:

"Beginning at the Northeast corner of the twenty-five (25) acre tract at an iron stake for a corner;

"Thence West with the East line of said tract 103 varas to an iron stake for a corner; thence South 205 vrs. an iron stake for a corner; thence East 103 vrs. stake for a corner; thence north 205 vrs. to the place of beginning, containing three and one-half (3½) acres of land, more or less."

On trial to a jury it was shown that on the 15th day of July, 1922, J. A. Guinn, who owned the 25 acres, deeded the same to appellee, saving and excepting therefrom the 3½ acres described and claimed by appellants in their disclaimer. It was further shown that J. A. Guinn, on the 18th day of October, 1927, deeded to T. B. Sallas the 3 acres out of the northeast corner of the 25 acres described by appellee in his petition as having been excepted from the 25 acres conveyed to him. Defendants below owned the Sallas title. On March 13, 1933, J. A. Guinn deeded to appellee by quitclaim deed all his right, title, and interest in and to the 25 acres. There was testimony tending to locate the "corner of L. A. Casey's tract on Highway No. 35," referred to in the deed from Guinn to Sallas. The following issue was submitted by the court to the jury and answered as indicated:

"Special Issue No. 2: What do you find, from the preponderance of the evidence, is the distance of the east line of the 25 acre tract of land from its northeast corner to the northeast corner of the L. A. Casey land?"

Answer: "375 Ft."

One other issue was submitted, which is immaterial to any issue in the case. On the verdict of the jury appellee was awarded the 25 acres sued for, there being no dispute as to its location on the ground, "save and except three (3) acres of land, more or less, out of the North East corner of said 25 acre tract, described as follows, to-wit:

"Beginning at the N. E. corner of said 25 acre tract near the Houston East and West Rail Road at Porter, in Montgomery County, Texas, corner in a pond;

"Thence South with the East line of said 25 acre tract 375 feet to L. A. Casey's N. E. corner; thence North 66° 54' West 471.6 feet to corner on L. A. Casey's fence; thence North 190 feet to an iron stake for corner on the North line of 25 acre tract; thence East with

the North line of said 25 acre tract 434 feet to place of beginning."

## Opinion.

It may be conceded that the call in the deed to appellee, "thence west with the east line of said tract 103 varas," describing the excepted tract, should read, "thence west with the north line of said tract 103 varas." That is the construction appellants gave to these field notes. This correction would locate the excepted tract in the northeast corner of the 25 acres, with its north boundary line running west from the northeast corner of the 25 acres 103 varas for corner, and its east boundary line running south from the northeast corner of the 25 acres 205 varas for corner.

Appellants' first assignment of error is that the court erred in not instructing a verdict for them for the 3 or 3½ acres located in the northeast corner of the 25 acres, as just above described. This assignment must be overruled. By the two deeds to appellee, the original deed and the quitclaim deed, Guinn conveyed to him all of the 25 acres except that portion previously conveyed to Sallas. It is manifest from an examination of the deed to Sallas that the description of that tract on the west conflicted with the land previously conveyed to appellee; of course, to the extent of the conflict, Sallas got no title. However, appellee has not made that point, but conceded to appellants all the land conveyed by Guinn to Sallas. Under this conclusion, the only issue in the lower court was the proper location of the Sallas tract of land.

There was no issue as to the location on the ground of the northeast and northwest corner of the Sallas tract, nor the length of the north boundary line. There was no issue as to the length of the west boundary line of the Sallas tract. There was no issue as to the location of the east boundary line, but there was an issue as to the location of the southeast corner of the tract, that is, the length of the east boundary line. That issue was sent to the jury and answered as above indicated—375 feet. On the verdict of the jury and the undisputed evidence as to the location on the ground of the other calls in the Sallas deed, judgment was properly rendered for appellants for the land described in the judgment.

What we have said disposes of all of appellants' assignments of error. The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.